United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FAREED SEPEHRY-FARD, et al.,

Plaintiffs,

v.

U. S. BANK NATIONAL ASSOCIATION, et al.,

Defendants.

Case No. 18-cv-00862-NC

**REFERRAL FOR RELATEDNESS DETERMINATION; ORDER DENYING MOTION TO SEAL AND MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING AND GRANTING IFP APPLICATION; REQUEST FOR REASSIGNMENT; REPORT & RECOMMENDATION TO DISMISS WITHOUT LEAVE TO AMEND**

Re: ECF 1, 3, 4, 7

Pro se plaintiff Fareed Sepehry-Fard concurrently filed an administrative sealing motion, a motion for permission for electronic case filing, a motion for leave to proceed in forma pauperis ("IFP"), and a complaint that purports to be qui tam on behalf of the United States of America and the Internal Revenue Service. *See* ECF 1, 3, 4, 7. Based on similar facts and legal claims, the undersigned REFERS this matter to District Judge Edward J. Davila under Civil Local Rule 3-12(c), to determine whether it is related to *Sepehry-Fard v. Aurora Bank FSB*, No. 12-cv-00871-EJD.

The docket is currently under seal. While qui tam False Claims Act claims must be filed under seal, Sepehry-Fard is not authorized to bring such an action and does not offer other compelling reasons to seal the case filings, so the pending sealing motion is

DENIED. Authorizing Sepehry-Fard to file documents through ECF is not warranted in this case, so the motion for permission for electronic case filing is DENIED. Sepehry-Fard's application to proceed IFP establishes inability to pay court filing fees, so the motion to proceed IFP is GRANTED.

Screening the IFP complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned FINDS that the complaint fails as a matter of law, because a pro se plaintiff may not bring a qui tam False Claims Act action. The parties have not consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c), so the undersigned REQUESTS that the clerk of court reassign this matter to a district judge, with the RECOMMENDATION that the case be dismissed without leave to amend, but without prejudice to future re-filing by a licensed attorney.

## I. BACKGROUND

Sepehry-Fard purports to bring his complaint qui tam on behalf of the United States of America and the Internal Revenue Service, alleging a single cause of action under the federal False Claims Act, 31 U.S.C. §§ 3729–3733. *See* Compl. ¶ 1. The complaint names as defendants U.S. Bank N.A., as trustee for Greenpoint Mortgage Trust Pass-Through Certificates, Series 2007-AR2; Nationstar Mortgage LLC; Greenpoint Mortgage Funding, Inc.; Capital One N.A.; Severson & Werson APC; Joseph W. Guzzetta; Bernard J. Kornberg; Adam N. Barasch; Mark Joseph Kenney; William A. Aspinwall; Financial Guaranty Insurance Company; Clear Recon Corporation; and fifty Doe defendants. *Id.* In broad terms, Sepehry-Fard accuses the defendants of fabricating and falsifying financial instruments and documents related to the foreclosure of Sepehry-Fard's property located at 12309 Saratoga Creek Drive, Saratoga, California 95070, and using those fraudulent documents to evade taxation and obtain other financial benefits. *Id.* ¶¶ 13, 49–76.

This is Sepehry-Fard's fifth lawsuit related to the foreclosure of the Saratoga Creek Drive property. The other four are: *Sepehry-Fard v. Nationstar Mortgage LLC*, Case No. 14-cv-03218-LHK (N.D. Cal.) (dismissing without leave to amend); *Sepehry-Fard v. GreenPoint Mortgage Funding, Inc.*, Case No. 13-cv-4535-EJD (N.D. Cal.) (dismissing

Case No. 18-cv-00862-NC            2

United States District Court
Northern District of California

United States District Court
Northern District of California

without prejudice for lack of subject matter jurisdiction); *Sepehry-Fard v. Aurora Bank FSB*, Case No. 12-cv-00871-EJD (N.D. Cal.) (dismissing with prejudice); *Sepehry-Fard v. Aurora Bank FSB*, No. 1-11-cv-209804 (Cal. Super. Ct.).

On top of the five lawsuits related to the Saratoga Creek Drive property, Sepehry-Fard has filed five actions related to the foreclosure of a different property located at 18314 Baylor Avenue, Saratoga, California 95070. Those five are: *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 16-mc-80112 (N.D. Cal.); *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-cv-5142-LHK (N.D. Cal.); *Sepehry-Fard v. Countrywide Home Loans, Inc.*, No. 13-cv-5769-BLF (N.D. Cal.); *Sepehry-Fard v. Bank of N.Y. Mellon*, No. 12-cv-1260-LHK (N.D. Cal.); *Sepehry-Fard v. Bank of N.Y. Mellon*, No. 1-11-cv-210028 (Cal. Super. Ct.).[1]

After the fourth lawsuit about the Baylor Avenue property, District Judge Lucy H. Koh declared Sepehry-Fard a vexatious litigant. *See* ECF 58 in Case No. 14-cv-5142-LHK. That order requires Sepehry-Fard to "obtain leave before filing any action in the United States District Court for the Northern District of California related to the foreclosure on his property located at 18314 Baylor Avenue, Saratoga, California 95070." *Id.* at 21. It was this vexatious litigant order that caused the general duty judge to review and deny Sepehry-Fard's fifth attempt to initiate a lawsuit about the Baylor Avenue property. *See* ECF 2 in Case No. 16-mc-80112-EJD.

The Ninth Circuit has summarily affirmed dismissals of Sepehry-Fard's lawsuits as to both properties. *See Sepehry-Fard v. Bank of N.Y. Mellon*, No. 13-16674 (9th Cir. Dec. 18, 2014); *Sepehry-Fard v. Aurora Bank FSB*, No. 13-15307 (9th Cir. Dec. 18, 2014).

---

[1] In addition to these ten foreclosure-related cases, Sepehry-Fard has filed three other federal lawsuits in this district: *Sepehry-Fard v. Oregon*, No. 14-cv-2444-EJD (N.D. Cal.) (suit to void a criminal conviction); *Sepehry-Fard v. Dep't Stores Nat'l Bank*, No. 13-cv-3131-WHO (N.D. Cal.) (suit against debt collectors); *Sepehry-Fard v. Mercedes-Benz Fin. Servs.*, No. 13-cv-2784-BLF (N.D. Cal.) (suit against collector on automobile loan).

Case No. 18-cv-00862-NC        3

## II. DISCUSSION

### A.    Relatedness Referral and Vexatious Litigant Assessment

In light of Sepehry-Fard's history before this Court, two procedural matters are in order. First, this case is referred to District Judge Edward J. Davila to determine whether it is related to the first-filed action in this Court related to the Saratoga Creek Drive property, *Sepehry-Fard v. Aurora Bank FSB*, No. 12-cv-00871-EJD.

Second, the undersigned has assessed whether Judge Koh's vexatious litigant order applies to this lawsuit and determines it does not. Judge Koh's order is limited to lawsuits related to foreclosure of the Baylor Avenue property, and only the Saratoga Creek Drive property is at issue in this lawsuit.

### B.    Motions to Seal, for Permission for Electronic Case Filing, and to Proceed in Forma Pauperis

The first filing in this under-seal docket is Sepehry-Fard's motion for leave to file the complaint and associated documents under seal, pursuant to Civil Local Rule 79-5. ECF 1. By statute, a qui tam False Claims Act claim must be filed in camera and remain under seal for at least 60 days. 31 U.S.C. § 3730(b)(2). However, as discussed below, Sepehry-Fard cannot bring a qui tam False Claims Act claim as a pro se litigant. The sealing motion offers no other compelling reasons to maintain these documents under seal and is not narrowly tailored, so Sepehry-Fard's motion to file documents under seal is DENIED. The docket will remain sealed for 21 days to allow time for objections and allow Sepehry-Fard the opportunity to secure representation by counsel, and after that period the docket and all its filing will be unsealed.

Regarding Sepehry-Fard's motion for permission for electronic case filing, Judge Koh's words are fitting here. Noting that Sepehry-Fard was declared a vexatious litigant due to the eleven (now thirteen) lawsuits he has filed in this Court and the "plethora of frivolous motions" he filed in those cases, Judge Koh determined that authorizing Sepehry-Fard to file documents through ECF was "not warranted" in that case. ECF 70 in Case No. 14-cv-05142-LHK (quoting ECF 58 in the same case). So too here. The motion for

Case No. 18-cv-00862-NC                    4

United States District Court
Northern District of California

permission for electronic case filing is DENIED.

Regarding the final pending motion, pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action.  28 U.S.C. § 1915(a)(1). Sepehry-Fard's application establishes that he is unable to afford the filing fees. *See* ECF 4. The motion to proceed IFP is therefore GRANTED.

**C.     Screening Under 28 U.S.C. § 1915(e)(2)(B)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). A complaint is frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B) if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Similarly, a complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it includes sufficient facts that, if accepted as true, state a claim "that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, the undersigned finds that the complaint fails as a matter of law for one simple reason: a pro se plaintiff like Sepehry-Fard is not entitled to prosecute a False Claims Act violation on behalf of the United States. *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007). In *Stoner*, the Ninth Circuit considered whether a pro se relator could file a qui tam action under the False Claims Act against county employees for allegedly submitting false certificates to United States Department of Education to obtain federal funds for educational programs. It answered in the negative, "[b]ecause qui tam relators are not prosecuting only their own case but also representing the United States and binding it to any adverse judgment the relators may obtain." *Id.* at

Case No. 18-cv-00862-NC                           5

United States District Court
Northern District of California

1126–27 (internal quotation marks omitted); *accord Woodall v. Wells Fargo & Co.*, No. 15-cv-05347-JST, 2016 WL 4539499, at *3 (N.D. Cal. Aug. 30, 2016) (dismissing pro se qui tam complaint with prejudice).

Amendment cannot possibly cure the defect in Sepehry-Fard's complaint, but theoretically, representation from a licensed attorney might. Thus, the undersigned RECOMMENDS that the complaint be dismissed without leave to amend, but without prejudice to future refiling by a licensed attorney.

## III.   CONCLUSION

This case is REFERRED to Judge Davila under Civil Local Rule 3-12(c), to determine whether it is related to *Sepehry-Fard v. Aurora Bank FSB*, No. 12-cv-00871-EJD. Judge Koh's vexatious litigant order at ECF 58 in Case No. 14-cv-05142-LHK does not apply here, because this case does not concern the property located at 18314 Baylor Avenue, Saratoga, California 95070.

Sepehry-Fard's motion to seal and motion for permission for electronic filing are both DENIED. The docket and all filings will be unsealed after 21 days. Sepehry-Fard's motion for leave to proceed in forma pauperis is GRANTED. Screening under 28 U.S.C. § 1915, the undersigned FINDS that the complaint fails as a matter of law because a pro se plaintiff like Sepehry-Fard may not bring a qui tam False Claims Act action. The undersigned REQUESTS that this case be reassigned to a district judge and RECOMMENDS that the complaint be dismissed without leave to amend and without prejudice to future refiling by a licensed attorney.

Any party may object to this order within 14 days. *See* Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**

Dated:  February 23, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

Case No. 18-cv-00862-NC                6